**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

TRUSTEES OF PLUMBERS & STEAMFITTERS
LOCAL 166 HEALTH AND WELFARE FUND,
PLUMBERS & STEAMFITTERS LOCAL 166
PENSION FUND, PLUMBERS & STEAMFITTERS
LOCAL 166 PROFIT SHARING ANNUITY PLAN, and
JOINT APPRENTICESHIP TRAINING COMMITTEE
TRUST FUND,

      Plaintiffs,                    Case No.
                                        Hon.

-vs-

BCB MECHANICAL SERVICES, INC.,

      Defendant.
_____/

**MATTHEW I. HENZI**
AsherKelly, PLLC
Attorneys for Plaintiffs
25800 Northwestern Highway, Suite 1100
Southfield, Michigan 48075
248.746.2762
mhenzi@asherkellylaw.com
_____/

## COMPLAINT

NOW COME the above-named Plaintiffs, by and through their attorneys, AsherKelly, PLLC, and for their Complaint against Defendant, BCB MECHANICAL SERVICES, INC., state as follows:

## **GENERAL ALLEGATIONS**

1. Plaintiffs are the Trustees of the PLUMBERS & STEAMFITTERS LOCAL 166 HEALTH AND WELFARE FUND, PLUMBERS & STEAMFITTERS LOCAL 166 PENSION FUND, PLUMBERS & STEAMFITTERS LOCAL 166 PROFIT SHARING ANNUITY PLAN, and JOINT APPRENTICESHIP TRAINING COMMITTEE TRUST FUND, (hereinafter referred to as "FUNDS"), which are Trust Funds established under and administered pursuant to Section 302 of the Labor Management Relations Act (hereinafter referred to as "LMRA"), 29 USC § 186; and the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA"), 29 USC § 1001 et seq., with administrative offices in Fort Wayne, Indiana.

2. Plaintiff Trustees are the named Trustees of the Local 166 Plumbers & Steamfitters Health and Welfare Fund, Plumbers & Steamfitters Local 166 Pension Fund, and the Plumbers & Steamfitters Local 166 Profit Sharing Annuity Plan.

3. Plaintiff Trustees have for all purposes herein been and have acted as the designated representatives for the collection and disbursement of contributions and assessments, due according to the Collective Bargaining Agreement, including but not limited to those for and

on behalf of the Plumbers & Steamfitters Local 166 Health And Welfare Fund, Plumbers & Steamfitters Local 166 Pension Fund, Plumbers & Steamfitters Local 166 Profit Sharing Annuity Plan, Joint Apprenticeship Training Committee Trust Fund, Plumbers & Pipefitters National Pension Fund, Plumbers & Steamfitters Local 166 Industry Fund, Plumbers & Steamfitters Local 166 Equality & Stability Fund, and Plumbers & Steamfitters Local 166 Building Fund.

4. Plaintiff Trustees are also the designated representatives for the collection of Union dues for the Local 166 Plumbers & Steamfitters Union.

5. Plumbers & Steamfitters Local Union No. 166 (hereinafter referred to as the "Union") is a labor organization which is bound by a Collective Bargaining Agreement with Defendant BCB MECHANICAL SERVICES, INC., calling for the payment of working dues by person employed by BCB MECHANICAL SERVICES, INC., pursuant to such Collective Bargaining Agreement.  Such working dues are to be withheld by the employer and ultimately forwarded to the Union.

6. Defendant BCB MECHANICAL SERVICES, INC., (hereinafter referred to as "BCB MECHANICAL") was at all relevant times an Indiana company with its principal place of business in Monroeville, Indiana.

7. The FUNDS are administered by a Joint Board of Trustees, pursuant to the terms and provisions of their respective Agreements and Declarations of Trust. The FUNDS have been established pursuant to a Collective Bargaining Agreement heretofore entered into between the Union and certain Employers and Employer Associations, whose members employ members of the Union, and are required to be maintained and administered in accordance with the provisions of the LMRA, ERISA and other applicable state and federal laws.

8. At all times relevant hereto, Defendant BCB MECHANICAL was signatory to Collective Bargaining Agreements with the Union.

9. The FUNDS are third-party beneficiaries of the Collective Bargaining Agreement.

10. Pursuant to the terms and provisions of the Collective Bargaining Agreements between BCB MECHANICAL and the Union, BCB MECHANICAL agreed to pay, in addition to wages, employee fringe benefit contributions to the FUNDS for each employee employed by BCB MECHANICAL and covered by the Agreements.

11. That pursuant to the Collective Bargaining Agreements, Defendant BCB MECHANICAL was required to make fringe benefit contribution payments to be remitted with the standard contribution form no

later than the 15th day of the month following the month in which the hours were worked.

12. That pursuant to the Collective Bargaining Agreements, when such submission of payments and contributions are not timely made, the signatory employer is charged with liquidated damages and the costs of collection and attorney fees.

13. That, pursuant to the Collective Bargaining Agreements and in accordance with the Agreement and Declaration of Trust for each of the FUNDS, the Trustees acting thereunder are authorized and empowered to examine and copy the payroll records and books of a signatory employer to permit such Trustees to determine whether such an employer is making full payments as required under the Collective Bargaining Agreements.

14. That Plaintiffs are entitled as a matter of law to enforce collection of such delinquent fringe benefits pursuant to 29 USC §1132(g)(2) and Section 1145.

15. This court has jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective Bargaining Agreement between the labor organization and an employer.

## COUNT I - Breach of Contract by Defendant, BCB Mechanical Services, Inc., 29 USC §1145 Violations by Defendant

16. Plaintiffs reallege and incorporate the allegations in paragraphs 1 through 15 as though fully set forth herein.

17. That notwithstanding its contractual obligations, Defendant has failed to pay its obligations, therefore violating the Collective Bargaining Agreement and various provisions of ERISA, including but not limited to 29 USC §1145.

18. Plaintiffs audited Defendant for the period January 1, 2018-September 30, 2022, to review whether Defendant appropriately remitted payment for hours worked according to the CBA. The audit billed Defendant a total sum of $192,710.31. Of this amount, $174,214.48 represents contributions owed on BCB MECHANICAL's covered employees. The audit includes liquidated damages of $18,495.83. Defendant has not paid the amounts owed.

19. By the above described omissions and breaches of the Collective Bargaining Agreement by BCB MECHANICAL, the Trustees of the Plaintiff FUNDS have been prevented from discharging their duties as permitted by the parties' CBAs and the associated trust documents for each of the FUNDS.

20. Because the audit revealed that Defendant owes fringe benefit contributions, the Trustees of the FUNDS may be required to deny employee beneficiaries of such FUNDS, for whom contributions have not been made, the benefits provided thereunder, thereby causing to such employee beneficiaries substantial and irreparable damage.

21. That notwithstanding its contractual obligations, Defendant has failed and refused to pay its obligations, therefore violating the Collective Bargaining Agreements.

22. Plaintiffs are without adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant is ordered to specifically perform all obligations on Defendant's part required to be performed under the Collective Bargaining Agreement and is restrained from continuing to refuse to perform as thereunder required.

**WHEREFORE**, the FUNDS request that this Honorable Court grant the following relief:

A. Order an injunction against Defendant restraining it from continuing violations of the Collective Bargaining Agreement as set forth above;

B. Enter an Order that Defendant BCB MECHANICAL open its books and records for a complete payroll audit from October 1, 2022 to present;

C.  Enter a Judgment in favor of Plaintiff FUNDS against Defendant, BCB MECHANICAL, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

D.  Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E.  Any such other, further, or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

**AsherKelly, PLLC**

/s/ *Matthew I. Henzi*
Matthew I. Henzi
Attorneys for Plaintiffs
25800 Northwestern Highway, Ste. 1100
Southfield, MI 48075
248.746.2762
mhenzi@asherkellylaw.com

Dated:  June 5, 2023

W2642089